United States District Court
Southern District of Texas
**ENTERED**
April 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIELYS DEL CARMEN BRACHO HIDALGO, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-01170 |
| KRISTI NOEM, *et al.*, | § § | |
| Respondents. | § § | |

## ORDER OF DISMISSAL

The petitioner, Marielys Del Carmen Bracho Hidalgo, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

The petition reflects that Petitioner is a noncitizen who entered the United States without inspection and has since been placed in removal proceedings. Doc. No. 1 at 7. Petitioner does not allege or show that she has been lawfully admitted into the United States. Because Petitioner entered without inspection and has not obtained lawful status, she is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). Her arguments regarding bond hearings under 8 U.S.C. § 1226(a) and its implementing regulations are foreclosed by *Buenrostro-Mendez*.

In addition, Petitioner's Fifth Amendment due process claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Likewise, her Fifth Amendment equal protection claim is unavailing because she does not state facts to show that she falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in *Buenrostro-Mendez*, and "applicants for admission" all fall under that statute's purview. She also does not show that a similarly situated class of people who entered without inspection are treated more favorably than she has. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) (rejecting equal protection claims regarding continued detention brought by alien juveniles who did not

2 / 4

have close relatives to serve as guardians because they were distinct from alien juveniles with close relatives available to serve as guardians and different from American juveniles in delinquency proceedings who were citizens).

In addition, her claims under the Administrative Procedure Act ("APA") fail because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704; *accord Jimenez v. Noem*, Civ. A. No. H-25-5853, at Doc. No. 10 at 5 (S.D. Tex. Feb. 10, 2026) (holding that the petitioner was not entitled to relief under the APA where he was able to challenge his detention through habeas corpus); *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (agreeing with the majority "that habeas corpus, not the APA, is the proper vehicle" where habeas corpus is an available remedy). Concomitantly, her related Suspension Clause claim fails because habeas remains available to challenge immigration detention. *See Jimenez*, Civ. A. No. H-25-5853; *Trump*, 604 U.S. at 674.

Finally, her claims regarding the procedures used for her arrest under the *Accardi* doctrine[2] fail. The regulation she invokes, 8 C.F.R. § 287.8, does not provide a cause of action in federal court. Section 287.12 outlines the scope of part 287 and provides, in relevant part: "These regulations do not, are not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal." 8 C.F.R. § 287.12. Therefore, she has no

---

[2] *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (asserting the principle that agencies are bound to abide by their own regulations or internal procedures).

substantive claim in this habeas proceeding under *Accardi* regarding the procedures used for her arrest.

Therefore, the Court **ORDERS** as follows:

1.  The petition (Doc. No. 1) is **DISMISSED** without prejudice.

2.  All other pending motions, if any, are **DENIED as MOOT**.

SIGNED this ____24th____ day of April 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE